

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| NIKKI CARSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 8:15-04667-MGL-JDA |
| | § | |
| ANDERSON COUNTY SHERIFF'S OFFICE, | § | |
| | § | |
| Defendant. | § | |
| | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an action for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (Title VII). The Court has jurisdiction under 28 U.S.C. § 1331. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's motion for summary judgment be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 13, 2017, ECF No. 40, and Defendant filed its objections on April 25, 2017, ECF No. 41. Plaintiff filed a response to Defendant's objections on May 9, 2017, in which she insists the Court should adopt the Report. ECF No. 43. The Court has carefully reviewed Defendant's objections and holds them to be meritless.

Defendant sets forth two objections to the Report. Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Defendant's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

Defendant first objects to the Magistrate Judge's suggestion Plaintiff can establish a prima facie case for retaliation under Title VII. In support of this objection, Defendant asserts Plaintiff's only claim is for disparate treatment and sets forth the legal standard for establishing a prima facie case for disparate treatment. Defendant argues Plaintiff has produced no evidence she reasonably believed she was treated differently from similarly situated employees outside her protected class, and Defendant complains the Magistrate Judge failed to mention or address this requirement. Defendant further objects to the Magistrate Judge's suggestion Plaintiff reasonably believed Chief Carl Anderson's (Anderson) comment at issue was discriminatory such that she

can establish a prima facie case for retaliation. Defendant insists it is impossible to find Plaintiff reasonably believed Defendant violated Title VII because she has dismissed her claim for discrimination under Title VII. Defendant proffers "there can be no retaliation without an underlying violation of Title VII." ECF No. 41 at 2. Defendant appears to suggest a plaintiff is unable to maintain a claim for retaliation in the absence of a claim for discrimination.

Defendant's statement Plaintiff's only claim is for disparate treatment is incorrect. Plaintiff has dismissed her discrimination claim, ECF No. 20, and Plaintiff's only remaining claim is for retaliation in violation of Title VII, *see* ECF No. 1. Therefore, Defendant's discussion of the legal standard for disparate treatment discrimination claims and Plaintiff's failure to provide evidence relating to one of the requirements for establishing a prima facie case for such claims is inapposite.

Defendant's argument the Magistrate Judge improperly determined Plaintiff reasonably believed a violation of Title VII occurred such that she can establish a prima facie case for retaliation is likewise unavailing. Defendant cites one non-binding case, *Mayo v. Kiwest Corp.*, 898 F. Supp. 335 (E.D. Va. 1995), in support of its contention there can be no retaliation without an underlying violation of Title VII and its suggestion a retaliation claim fails in the absence of a discrimination claim. *Mayo*, however, fails to support Defendant's proposition. *See id.* The court in *Mayo* held the plaintiff failed to state a claim for retaliation under Title VII because the plaintiff's belief he was discriminated against in violation of Title VII was unreasonable; it did not hold there can be no retaliation claim without an actual violation of Title VII or a discrimination cause of action. *See id.* at 337-38.

As the Magistrate Judge explained, Title VII "protects activity in opposition not only to employment actions actually unlawful under Title VII but also employment actions an employee

reasonably believes to be unlawful." *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005); *see also* ECF No. 40 at 9. Thus, to establish a claim for retaliation, a plaintiff must prove she reasonably believed an employment action was unlawful, but proof of an actually unlawful employment action is unnecessary. The fact Plaintiff dismissed her discrimination claim is therefore irrelevant to whether she can establish a prima facie case for retaliation, and Defendant's assertions to the contrary are unsupported. For the reasons set forth in the Report, the Court agrees with the Magistrate Judge's well-reasoned conclusion Plaintiff reasonably believed Defendant engaged in discriminatory conduct prohibited by Title VII. Accordingly, the Court rejects Defendant's first objection.

In Defendant's second objection, it claims the Magistrate Judge erred in determining Plaintiff can show Defendant's proffered reasons for demoting her are pretextual. Defendant insists it had legitimate, non-discriminatory reasons for demoting Plaintiff, and it points out Plaintiff knew before she reported Anderson's allegedly discriminatory statement she was going to be disciplined. Defendant claims Anderson could not have made the final decision regarding Plaintiff's discipline because he had recommended her termination, but she was demoted instead. Defendant further suggests it is "far more likely that the Plaintiff's report was to avoid the inevitable discipline and not that the discipline was due to the report." ECF No. 41 at 3-4. Defendant concludes it is entitled to summary judgment because Plaintiff cannot establish her reporting of the allegedly discriminatory comment was the but-for cause of her demotion.

The Magistrate Judge already considered and rejected Defendant's argument Plaintiff is unable to prove Defendant's supposed reasons for demoting Plaintiff are pretextual because Defendant was already considering disciplining Plaintiff before she reported Anderson's statement at issue. *See* ECF No. 40 at 14 n.5. As the Magistrate Judge explained, Defendant has

failed to demonstrate the final decision regarding Plaintiff's discipline was made before Plaintiff reported the comment. *See id.* Thus, a reasonable jury could conclude the ultimate decision to demote Plaintiff was made in retaliation for Plaintiff's report.

Defendant's claim Anderson could not have made the final decision to demote Plaintiff because he recommended her termination at one point provides no proof Plaintiff's retaliation claim fails as a matter of law, and Defendant's reasoning on the matter eludes the Court. Similarly, Defendant's unsubstantiated speculation it is likely Plaintiff made her report in an attempt to avoid discipline and its conclusory assertion Plaintiff is unable to establish her report was a but-for cause of her demotion are far from sufficient to show Defendant is entitled to summary judgment. Based on a review of the relevant evidence, the Court agrees with the Magistrate Judge a reasonable jury could find Defendant's proferred reasons for demoting Plaintiff are pretextual, and Defendant's actual reason was to retaliate for her reporting of conduct she believed was discriminatory. Therefore, the Court overrules Defendant's second objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Defendant's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendant's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Signed this 16th day of May 2017 in Columbia, South Carolina.

s/Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE